UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN SCOTT ROBINSON,

    Plaintiff,

v.

MONTEREY COUNTY JAIL, et al.,

    Defendants.
_____/

No. C 15-3787 EDL (PR)

**ORDER DISMISSING WITH LEAVE TO AMEND**

Plaintiff, an inmate at the Monterey County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.[1] He has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the complaint is DISMISSED with leave to amend.

## DISCUSSION

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 2.)

the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states that he is a post-conviction, pre-trial detainee being housed at the Monterey County Jail.  Plaintiff suffers from Munchausen Syndrome and Obsessive Compulsive Disorder.  Plaintiff's claims originate on November 15, 2014, when he was removed from general population, and placed into a suicide-prevention cell for 98 days.  Plaintiff generally asserts that his placement into the suicide-prevention cell was cruel and unusual punishment; that defendants were deliberately indifferent to his serious medical and mental health needs; and that defendants used excessive force upon him.

Plaintiff has named a host of defendants, but plaintiff does not describe each defendant's role in the alleged violations.  In addition, plaintiff's complaint is contradictory in parts.  For example, on the one hand, plaintiff complains that he was not given any pain medication.  But plaintiff also complains that defendants over-medicated him.  Plaintiff also alleges that he was placed in a suicide–prevention cell without reason, but then states that he was able to successfully hang himself to the point of needing resuscitation and

emergency medical treatment. Plaintiff then states that defendants placed him in a chair restraint, which is normally used for inmates who are out of control or who are dangers to themselves. Plaintiff asserts that defendants used the chair restraint on him even though he was "not suicidal," as a form of punishment.

Most of plaintiff's claims are missing dates, some of the incidents do not give rise to constitutional claims, and plaintiff's writing style makes it difficult to ascertain plaintiff's meaning in some places. Overall, the complaint does not give fair notice of what each defendant is alleged to have done and when he/she did it. The lack of detail prevents the court from determining which claims deserve a response, and from whom, and also prevents individual defendants from framing a response to the complaint. Plaintiff must file an amended complaint to correct the following deficiencies.

First, with respect to the excessive force claim, plaintiff must allege with clarity who did what to him, and when the events occurred. He seems to suggest that for each day when he was placed in the restraint chair, defendants physically assaulted him. (Compl. at 11-13.) For each instance in which excessive force allegedly was used on plaintiff, plaintiff should (a) identify the date on which the force was used, (b) identify who used force on him, (c) describe what happened, and (d) describe what he was doing at the time force was used.

Second, plaintiff alleges that he was refused medical and mental health treatment, but provides no details about the alleged refusals. As with his excessive force claims, the medical care claim would arise under the Eighth Amendment if he was a convict and under the Fourteenth Amendment if he was a pretrial detainee. For each instance in which he allegedly was denied medical or mental health treatment, plaintiff must explain what his medical or mental health need was, and allege facts showing deliberate indifference to it. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment). Plaintiff should (a) describe the medical or mental health need, (b) identify

3

the date on which the medical or mental health treatment was refused, (c) identify who refused to provide medical or mental health treatment, (d) describe how he alerted that person to his need for medical or mental health treatment, and (e) state how the refusal to provide medical or mental health treatment affected him.

Third, plaintiff claims that his placement in the suicide-prevention cell violated the Eighth Amendment because he was isolated, he was denied a shower for at least 98 days, the cell was dirty, small, and had no running water or toilet. While the Constitution does not mandate comfortable prisons, it also does not permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Plaintiff should specify the period of time when he was housed in the suicide-prevention cell, and specify the individuals who ordered his placement there, as well as the individuals to whom plaintiff complained.

Fourth, plaintiff claims that, during the time he was in the suicide-prevention cell, he was denied access to the courts, including access to his attorney, because he was not transported to any of his scheduled court dates. To establish a claim for any violation of the right of access to the courts, a prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350-55 (1996). Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived. *See Nevada Dep't of Corrections v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 349). It is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. In order to state a claim that he was denied access to the courts, plaintiff must provide facts to how he was actually injured by hindering his efforts to pursue a legal claim.

Fifth, plaintiff alleges that he was given too much medication and forced to lie in his own waste because he was immobilized. For each instance in which he was allegedly given too much medication and lying in his own waste, plaintiff should (a) identify the date(s) upon when this occurred, (b) identify who administered the medication, (c) identify

4

who observed plaintiff lying in his own waste and what they did, and (d) identify to whom plaintiff complained.

Sixth, plaintiff alleges that he was put in the suicide-prevention cell, the chair restraint and additional restraints as punishment. In his amended complaint, plaintiff must allege the dates on which he was put in the chair and additional restraints, who put him in the chair and additional restraints, why he was put in the chair and additional restraints, and for how long he was kept in the chair and additional restraints. This information, as well as whether he was a pretrial detainee or convict, is necessary to determine whether the event amounts to a constitutional violation.

As to every defendant he seeks to hold liable, plaintiff must name him/her in his amended complaint and must allege his claim(s) against him/her. In his amended complaint, he should describe what each defendant did (or failed to do) that caused a violation of his constitutional rights so that each proposed defendant has fair notice of his allegedly wrongful conduct. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability under § 1983 arises only upon a showing of personal participation by a defendant). Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013). Plaintiff must link the defendants' actions or inactions with plaintiff's claims. He must "set forth specific facts as to each individual defendant's" actions which violated his or her rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A defendant cannot be held liable simply based on his membership in a group; rather, each individual defendant's participation in unlawful conduct must be shown. *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996). Either personal involvement or integral participation of the officers in the alleged constitutional violation is required before liability may be imposed; liability may not be imposed based solely on an officer's presence during the incident. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009).

To the extent plaintiff is attempting to impose supervisory liability on some defendants, a supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).  Plaintiff should keep in mind that where there is no evidence that the supervisor was personally involved or connected to the alleged violation, the supervisor may not be liable. *See Edgerly v. City and County of San Francisco*, 599 F. 3d 946, 961-62 (9th Cir. 2010).

To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

For the above reasons, plaintiff's complaint will be dismissed with leave to amend to provide the information as specified above.  Although the federal rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  For purposes of organization, in his amended complaint, it may be clearer for plaintiff to separate each claim into the allegation, the defendants involved, and supporting facts.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed within **twenty-eight (28)**

**days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint within the designated time and in compliance with this order will result in the dismissal of this action.

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January  5 , 2016

ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\CR.15\Robinson787dwla.wpd